2010 BNH 014
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                                    Bk. No. 09-12358-JMD
                                                                          Chapter 7
Stefanie K. Corbett,
          Debtor

*Joseph Annutto, Esq.*
*Law Office of Joseph M. Annutto*
*Nashua, New Hampshire*
*Attorney for Debtor*

## MEMORANDUM OPINION

### I. INTRODUCTION

The Court has before it the Debtor's Motion to Reopen Chapter 7 Case (Doc. No. 24) (the "Motion"). The Debtor seeks to reopen her no-asset chapter 7 case so that she can list additional creditors that she inadvertently failed to list on her original schedule F. Because of a recent First Circuit decision, the procedures for reopening chapter 7 cases to add creditors must be reexamined.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**II. DISCUSSION**

Since 1996, this Court has issued a standard form of order when debtors seek to reopen no-asset chapter 7 cases to list additional creditors that were not listed in the original schedules. That form order was derived from Judge Yacos's opinion in In re Walker, 195 B.R. 187 (Bankr. D.N.H. 1996), in which he provided a comprehensive analysis of conflicting case law regarding reopening of chapter 7 no-asset cases.  Judge Yacos held that debtors could freely reopen chapter 7 no-asset cases to list additional creditors based on "cause" under § 350(b) of the Bankruptcy Code.  As described in the opinion, the two reasons for "cause" included (1) scheduling the creditor as required by Fed. R. Bankr. P. 1007(a)(1) so that it could possibly participate in any future distribution of assets if assets were discovered and (2) giving the creditor the chance to examine the debtor under the Bankruptcy Code and Bankruptcy Rules, which the creditor did not get to do before the case was originally closed due to lack of notice.

Since the decision in Walker, the form of order used in this district makes several findings and rulings on motions to reopen.  Among other things, it:

    1.  Grants the motion to reopen subject to reconsideration if a timely objection is filed;

    2.  Makes a finding that the omission of creditors was inadvertent and innocent and that no prejudice will by suffered by allowing the debtor to list the creditor;

    3.  Gives the debtor time to file an amended schedule F;

    4.  Makes a finding that the omitted creditors have not objected nor asserted that the debt was intentionally omitted or that the creditors have been prejudiced in any way;

    5.  Gives the creditors time to file a motion for a Rule 2004 examination, a complaint asserting certain nondischargeability grounds, or an adversary complaint under § 523 (with the debtor also having the last option as well); and

      6.  Requires the case to be reclosed without further court order if the debtor or creditor does not file an adversary complaint regarding dischargeability.

See Walker, 195 B.R. at 209-10 (showing the form order as "Annex A" to the opinion, which lists most of the findings above). In most cases, the motions to reopen simply state that the omission was innocent, without further factual details. The Court routinely does not hold hearings on these motions to reopen, though Judge Yacos apparently did before issuing the Walker opinion. See id. at 189. These so-called "Walker orders" remained procedurally sound until very recently.

      In May 2009, the First Circuit addressed reopening no-asset chapter 7 cases to list new creditors for the first time. See Colonial Surety Co. v. Weizman, 564 F.3d 526 (1st Cir. 2009). Weizman held that no-asset debtors in chapter 7 could indeed ask the bankruptcy court to reopen the case to belatedly list a creditor who was innocently omitted and who would have received no benefit from notice of the original case. Id. at 532. In its holding, Weizman relied primarily on the language of § 523(a)(3)(A), which precludes discharge of an unlisted debt when the creditor did not receive notice or have actual knowledge of the filing of the bankruptcy case. The Circuit thus expressly agreed with the Seventh Circuit's approach in Stark v. St. Mary's Hosp. (In re Stark), 717 F.2d 322 (7th Cir. 1983). See Weizman, 564 F.3d at 532. On the other hand, Weizman also rejected the Ninth Circuit's competing "no harm, no foul" approach derived from Beezley v. California Land Title Co. (In re Beezley), 994 F.2d 1433 (9th Cir. 1993), which states that dischargeability is unaffected by amending schedules in a no-asset, no-bar date case, so reopening to schedule a debt is a useless gesture and is thus not allowed. See Weizman, 564 F.3d at 531. The First Circuit thought Beezley essentially put the burden on the un-notified creditor, contrary to what Congress had in mind. Id. In essence, the court thought that

3

§ 523(a)(3)(A) "aims to assure creditor notice before discharge," because "no-asset claims are easy to make; a creditor might want notice precisely to argue that there are assets even though the debtor asserts otherwise." Id. at 531, 532.

Accordingly, in Weizman, the First Circuit unequivocally put the burden on the debtor to demonstrate cause to reopen. The debtor has the burden "to show that the law and equities justify [the] relief—absent which the debt will remain undischarged." Id. at 532. So, "a debtor who moves to reopen to list a debt long after discharge surely must show that the omission was innocent, and, even so, can probably be countered by anything that makes it inequitable to grant such relief." Id. In other words, debtors seeking to reopen to list a debt must show: (1) the omission was innocent, and (2) the equities justify reopening. If it was not clear before, it is now. Debtors cannot simply recite a generic explanation that the omission was innocent without some further factual detail.

In light of Weizman, future motions in this district to reopen no-asset chapter 7 cases to add creditors will be governed by a slightly different procedure. In the first instance, debtors filing motions to reopen must submit either a verified motion or include an affidavit signed by the debtor providing facts sufficient for the Court to find that the debtor has met the burden of showing that: (1) the omission was innocent, and (2) the equities justify reopening the case to list the omitted creditor or creditors. If established, the Court will then issue an order, largely consistent with "Walker orders," that provide the omitted creditor with notice and an opportunity to object. The Court anticipates that in the vast majority of cases, the omitted creditor will not take any action and the case will be reopened for that limited purpose.

**III.  CONCLUSION**

      For those reasons, the Court will allow the Debtor to file an amended motion to reopen consistent with this opinion, failing which the Motion will be denied.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

      ENTERED at Manchester, New Hampshire.


Date:   March 8, 2010                              /s/ J. Michael Deasy
                                                              J. Michael Deasy
                                                              Bankruptcy Judge